**MEMO ENDORSED**

# BERNSTEIN CLARKE & MOSKOVITZ

11 Park Place, Suite 914, New York, New York 10007
www.bcmlaw.com   Tel. (212) 321-0087   Fax (917) 722-0930

Andrew M. J. Bernstein
Lance A. Clarke
Joshua S. Moskovitz

July 24, 2019

**BY ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
40 Foley Square, Room 435
New York, New York 10007

Hon. Katherine Polk Failla
United States District Court
40 Foley Square, Room 2103
New York, New York 10007

      Re:    *Grant v. City of New York*, et al., 19 CV 4334 (ALC) (SN)
                *Capul*, et al. *v. City of New York*, et al., 19 CV 4313 (KPF) (KNF)

Your Honors,

     We write as Plaintiff's counsel to respond to defendants' motion to consolidate the *Grant* matter with the *Capul* matter pending before Judge Failla.[1] Consolidating these matters would be problematic for the reasons articulated in the *Capul* plaintiffs' letter. Although we do not necessarily agree with the *Capul* plaintiffs' characterization of the allegations in the *Grant* matter, we join their arguments against consolidation and add the following reasons not to consolidate these actions.

     The party moving for consolidation bears the burden of demonstrating the commonality of factual and legal issues in the actions sought to be consolidated. *Webb v. Goord*, 197 F.R.D. 98, 100 (S.D.N.Y. 2000) (citing *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)) (denying motion to consolidate). While "[t]he trial court has broad discretion to determine whether consolidation is appropriate," that "discretion . . . is not unfettered." *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (internal quotation marks omitted) (reversing district court's consolidation order). "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.'" *Id.* "The benefits of efficiency can never be purchased at the cost of fairness." *Id.*

     Defendants have not met their burden to show that it would be fair or promote efficiency to consolidate these actions for all purposes. The *Capul* plaintiffs aptly explain the legal and

---

[1] Defendants filed their July 12, 2019 letter motion for consolidation in the *Capul* matter but not in the *Grant* case. Nonetheless, Defendants provided a copy of that letter to Judge Carter and to Mr. Grant's attorneys; and Judge Carter granted our request to respond to that letter by today (*Grant* docket entry number 21). As used herein, "Defs.' Ltr. Mot." refers to the defendants' July 12, 2019 letter filed in *Capul*.

**BERNSTEIN CLARKE & MOSKOVITZ**

Hon. Andrew L. Carter, Jr.
Hon. Katherine Polk Failla
Page 2

factual differences between these cases such that consolidation for all purposes would be inefficient and unfair.

Another reason militating against consolidation is that Judge Failla worked with Mr. Korenbaum's wife at the United States Attorneys' Office before she took the bench. The two have a continuing friendship. While there is no reason to believe that Judge Failla would need to recuse herself from presiding over the *Grant* case, declining consolidation will avoid any question about this personal association between the Court and plaintiff's counsel.

For these reasons and the reasons articulated in the *Capul* plaintiffs' letter, the Court should not consolidate these cases. However, if the cases are consolidated for pre-trial matters, we believe they should be consolidated under the *Grant* docket. The practice of consolidating later-filed cases under a related and earlier-filed docket assumes that the first-filed case has been further developed in the litigation than the later-filed case. It also assumes that the parties and the judges in the first-filed case have devoted substantial time and resources to the case. Neither is correct here. The *Capul* case was filed first by only a matter of hours, and the defendants have not yet joined issue (their time to answer has been extended until August 9, 2019). Conversely, the defendants in *Grant* have filed a pre-motion letter in anticipation of their motion to dismiss and plaintiff is prepared to file a response this week. And consolidating the actions before Judge Carter will obviate any concerns about Judge Failla's friendship with Mr. Korenbaum's wife. Therefore, if consolidation is deemed appropriate, it should occur under the *Grant* docket.

We appreciate the Court's attention to this matter.

Respectfully,

Joshua S. Moskovitz
BERNSTEIN CLARKE & MOSKOVITZ PLLC

Scott A. Korenbaum
SCOTT A. KORENBAUM

cc:   Defendants' Counsel (by ECF)
      Counsel in the *Capul* matter (by ECF)

The Court is in receipt of Defendants' letter motion to consolidate the above captioned cases (Dkt. #21), and Plaintiffs' responses in opposition thereto (Dkt. #28, 29).  Because the cases are not related pursuant to Rule 13, Defendants' motion is hereby DENIED.  The Clerk of Court is directed to terminate the motion at Docket Entry 21 in 19 Civ. 4313.

Dated: July 29, 2019
      New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE