**MANDATE**

20-1905-cv
*Capul v. City of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/02/2021

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-one.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                 *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANDREW J. CAPUL, DAVID COLON, ERIC R. RODRIGUEZ, PETER A. DEBLASIO,
                 *Plaintiffs-Appellants,*

          -v-                                    20-1905-cv

CITY OF NEW YORK, WILLIAM JOSEPH BRATTON, LAWRENCE BYRNE, in their individual capacity and official capacity,
                 *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:      MATTHEW WEINICK, Famighetti & Weinick,
                                PLLC, Melville, New York; and Yale Pollack,

**MANDATE ISSUED ON 02/02/2021**

Law Offices of Yale Pollack, P.C., Syosset, New York.

FOR DEFENDANTS-APPELLEES:    DANIEL MATZA-BROWN (Richard Dearing, and Claude S. Platton, *on the brief*) for James E. Johnson, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants ("plaintiffs"), four former officers with the New York City Police Department (the "NYPD"), appeal the district court's judgment, entered May 28, 2020, dismissing their claims against defendants-appellees the City of New York and two former NYPD officials ("defendants").  Plaintiffs alleged that defendants violated their right to due process by coercing them into retiring from the NYPD.  By opinion and order entered May 27, 2020, the district court granted defendants' motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), citing to this Court's holding in *Giglio v. Dunn*, 732 F.2d 1133 (2d Cir. 1984), and its progeny.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

For substantially the reasons set forth by the district court in its thorough opinion, we agree that plaintiffs have failed to state a claim for relief.  As we have squarely held, the post-termination process provided by New York State satisfies the due process requirements of the Fourteenth Amendment in cases such as this, where state and local governmental employees who were purportedly coerced into resigning contend that their due process rights were violated.  *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) (collecting cases and noting that "[w]e have held on numerous occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy in the present situation").

We have considered plaintiffs' remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3